IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **JIMMY CURRY**, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **7:05-611-UWC** |
| **LEXINGTON LAW FIRM, INC.**, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Presently before the Court is Plaintiff's Motion to Remand to State Court.  (Doc. 6.)  For the reasons that follow, the Motion to Remand to State Court is due to be granted.

## FACTS

Jimmy Curry, a resident of Alabama, ("Plaintiff")  initially filed this putative class action in the Circuit Court of Pickens County, Alabama, against Lexington Law Firm, Inc., a Utah law firm ("Defendant").   In his complaint, Plaintiff seeks damages for alleged violations of Florida's Credit Services Organization Act.  Plaintiff has not alleged violations of federal law.    Plaintiff asks "on behalf of himself and the members of the class" for an unspecified amount of compensatory and punitive damages, along with attorneys fees.  (Compl. ¶ 36.)  Defendant removed this action based on this Court's purported diversity and federal question jurisdiction. (*See* Doc. 1, Notice of Removal.)

**APPLICABLE LAW**

Federal courts are courts of limited jurisdiction.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  In determining whether a federal court has jurisdiction over a diversity action "[i]t is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In order to invoke a federal court's diversity jurisdiction, the plaintiff must assert complete diversity of citizenship between the parties, and that the amount in controversy exceeds $75,000.  *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).   The plaintiff satisfies the amount in controversy requirement by claiming, in good faith, a sum in excess of $75,000.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).  In class actions, the named plaintiffs and putative class members may not aggregate their claims in order to meet the jurisdictional amount.  *Snyder v. Harris*, 394 U.S. 332 (1969).  Further, the prevailing rule in the Eleventh Circuit is that a punitive damages claim for a putative class must be assigned on a pro rata basis to each class member for purposes of determining whether each individual class member satisfies the amount in controversy.  *Cohen v. Office Depot, Inc.*, 304 F.3d 1069 (2000).

Where a prayer for relief does not specify a certain sum, the claim is indeterminate, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum.  *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807-08 (11th Cir. 2003) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996)(abrogated on other grounds).

For purposes of federal question jurisdiction, the long-standing "well-pleaded complaint" rule applies. Thus, to determine federal question jurisdiction, a court must look to the four corners of the complaint. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). A suit premised on state law will give rise to federal question jurisdiction only where the complaint establishes that the plaintiff's right to relief under state law requires the Court to decide a substantial question of federal law. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (1997). Finally, "[i]f the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court." *Kemp v. Int'l Bus. Machs. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) (citing 13B CHARLES A. WRIGHT, *et al.*, FEDERAL PRACTICE & PROCEDURE § 3566 (1984)).

## ANALYSIS

Because Plaintiff elected not to plead any federal claims in his complaint, this action does not "arise under" federal law and it may not be removed on the basis of federal question jurisdiction. *See Kemp v. Int'l Bus. Machs.*, 109 F.3d 708, 712 (11th Cir. 1997).

The requisite amount in controversy for diversity jurisdiction has not been established for the following reasons. First, Plaintiff did not specify the amount of money damages in his complaint. Second, Defendant has not sufficiently shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. In its brief in support of removal, Defendant argues that "it is clear that this class action lawsuit seeks to collect from the Defendant more than $75,000 in punitive damages, thus if aggregation of the punitive damages is allowed, the amount-in-controversy requirement would be satisfied." (Def.'s Br. at pg. 7.)

In support of this argument, Defendant relies on *Tapscott v. MS Dealer Service*

*Corporation*. 77 F.3d 1353, 1356-57 (11th Cir. 1996).  Defendant's reliance on *Tapscott* is misplaced, for the holding in that case is inconsistent with an earlier cased decided by our predecessor circuit, *Lindsey v. Alabama Telephone Company*, 576 F.2d 593 (5th Cir. 1978).[1]  In *Cohen v. Office Depot, Inc.*, the Eleventh Circuit specifically resolved the *Lindsey-Tapscott* conflict in favor of *Lindsey*, holding that *Lindsey* is the law of this circuit.  204 F.3d 1069 (11th Cir. 2000).

Thus, the putative class members in this case may not aggregate their punitive damages claims in order to individually satisfy the requisite amount in controversy.  Because the named Plaintiff claims an indeterminate amount of compensatory and punitive damages on behalf of an indeterminate class, this Court can not indulge in the speculation that the claims of the named Plaintiff, and each individual member of the putative class, exceed $75,000.  *See Cohen v. Office Depot, Inc.*, 304 F.3d 1069 (2000).   Accordingly, this Court is also without diversity subject matter jurisdiction over this action.

## CONCLUSION

By separate order, Plaintiff's Motion to Remand will be granted, and this action will be remanded to Circuit Court of Pickens County, Alabama.

Done this 22nd day of April, 2005.

_____
U.W. Clemon
Chief United States District Judge

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior October 1, 1981).